UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:26-CV-407-FL

| | |
|---|---|
| STAR ANTOINETTE LYON,<br><br>Plaintiff,<br>v.<br><br>TOWN OF APEX, et al.,<br><br>Defendants. | ORDER AND MEMORANDUM AND RECOMMENDATION |

This matter is before the court on Plaintiff's application to proceed *in forma pauperis*, [DE-2]; for frivolity review of the complaint and amended complaint, [DE-1, -7], pursuant to 28 U.S.C. § 1915(e)(2)(B); and on Plaintiff's motion to appoint counsel, [DE-3]. Plaintiff has demonstrated appropriate evidence of inability to pay the required court costs, and the application to proceed *in forma pauperis* is allowed. Notwithstanding, after conducting frivolity review, it is recommended that the complaint be dismissed for failure to state a claim and the motion for appointment of counsel be denied as moot.

## I. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court shall dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining Congress enacted predecessor statute 28 U.S.C. § 1915(d) "to prevent abuse of the judicial system by parties who bear none of the ordinary financial disincentives to filing meritless claims"). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *McLean v. United States*,

566 F.3d 391, 399 (4th Cir. 2009).

To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.*

In the present case, Plaintiff is proceeding *pro se*, and pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See id.*; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994). However, the principles requiring generous construction of *pro se* complaints are not without limits; the district courts are not required "to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Discussion

Plaintiff initially brought this employment discrimination action against her former employer, the Town of Apex (the "Town") and four individual employees of the Town, Antwan Morrison, Finance Director; Jessica Rhem, Interim Finance Director; Olga Gomez, Town Employee; and Shawn Purvis, Deputy Town Manager. Compl. [DE-1] at 1–3. Plaintiff asserted a single claim for retaliation in violation of Title VII of the Civil Rights Act of 1964 and sought actual damages, including back pay, lost bonuses, lost wage increases, and lost benefits resulting from termination; front pay in lieu of reinstatement because returning to the workplace is not

feasible; compensatory damages for emotional distress and other non-economic harm caused by the retaliation; and punitive damages due to the willful and retaliatory nature of the defendants' conduct. *Id.* at 7–9.

Title VII prohibits an employer from "discharg[ing] any individual, or otherwise . . . discimin[ating] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C.A. § 2000e-2(a). Title VII also makes it unlawful "for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); 42 U.S.C. § 12203(a); *Hooven-Lewis v. Caldera*, 249 F.3d 259 259, 272 (4th Cir. 2001). "A Title VII retaliation claim requires that a plaintiff allege that she '[1] engaged in protected activity, [2] that her employer took an adverse employment action against her, and that [3] there was a causal link between those events.'" *Neil v. Warren Cnty. Sch.*, No. 5:20-CV-595-FL, 2022 WL 4467671, at *4 (E.D.N.C. Sept. 26, 2022) (quoting *Savage v. Maryland*, 896 F.3d 260, 276 (4th Cir. 2018)). "Title VII protects not only complaints about 'employment actions actually unlawful under Title VII but also employment actions [the plaintiff] reasonably believes to be unlawful.'" *Id.* (quoting *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 282 (4th Cir. 2015)).

In the initial complaint, Plaintiff alleged the following facts in support of her retaliation claim:

> I engaged in protected activity by reporting workplace misconduct, hostile behavior, and retaliation to HR, the Finance Director, and the Deputy Town Manager. I also filed an EEOC charge. After engaging in protected activity, the

> work environment became hostile. I was accused of misconduct without documentation, and I was told I had been "'watched for years." I received no prior counseling, warnings, or progressive discipline as required by Article IX of the Town's Personnel Policy.
>
> I reported concerns to HR, to Deputy Town Manager Shawn Purvis, and to Finance Director Antwan Morrison. HR took no action. Mr. Purvis redirected me back to Mr. Morrison, who stated he had "no follow-up." No investigation or corrective action occurred until after my first EEOC charge was filed. After the EEOC charge, the Town interviewed staff, but I was not provided with any findings. HR minimized the incident where a supervisor clapped in my face, stating it was "nothing but a clap."
>
> On July 23, 2025, I was verbally informed that I was being terminated for "misconduct" and for being "watched for years." I was handed a Town of Apex Article IX violation at the time of termination, despite never receiving prior counseling, documentation, or progressive discipline. I was not allowed to exercise my Article X rights, which include the right to respond to allegations, request mediation, file a grievance, or receive a fair review before disciplinary action. The concerns I raised about the clap-in-the-face incident and other mistreatment occurred during the period covered by my first EEOC charge and Right to Sue. After my termination, I filed a second EEOC charge for retaliation and received a new Notice of Right to Sue.
>
> . . . .
>
> I believe I was terminated in retaliation for filing an EEOC charge, reporting workplace misconduct, and requesting HR and management involvement. The timing of events, lack of documentation, failure to investigate, denial of Article X rights, and management inaction demonstrate retaliation. These events form the basis of my EEOC Charge No. 433-2026-01312, for which I received a Notice of Right to Sue on March 26, 2026.

Compl. [DE-1] at 7–8.

On initial review, the undersigned determined that Plaintiff's allegation that she engaged in protected activity by reporting workplace misconduct, hostile behavior, and retaliation was conclusory; the complaint contained no factual allegations describing the workplace misconduct or retaliation of which she purportedly complained; and the only specific incident of hostile behavior she described was when a supervisor "clapped in [her] face," which is outside the scope of Title VII. Order [DE-6] at 4–5. It was also noted that there were no facts alleged to support

that there was a causal link between the filing of the EEOC charge and the adverse employment action and that there was no close temporal proximity between the two. *Id.* at 5. Finally, the undersigned pointed out that it appeared Plaintiff had failed to state a claim against the individual defendants because Title VII does not provide for individual liability. *Id.* at 5–6. Plaintiff was provided an opportunity to particularize the complaint to allege additional facts supporting the retaliation claim. *Id.* at 6. In response to the court's order, Plaintiff filed an amended complaint. [DE-7].

The amended complaint asserts a single claim for Title VII retaliation against the Town only and alleges the following facts:

> I worked for the Town of Apex Finance Department. Before the events described below, I had no disciplinary history, counseling, or warnings.
>
> Beginning in March-April 2024, I reported to Human Resources, Finance Director Antwan Morrison, and Deputy Town Manager Shawn Purvis that:
>
> > a. A supervisor clapped in my face in a hostile and aggressive manner;
> > b. I was experiencing hostile behavior, intimidation, and retaliatory treatment; and
> > c. I believed this conduct violated Town policy and Title VII.
>
> Human Resources took no action. Mr. Purvis redirected me back to Mr. Morrison, who stated he had "no follow-up." No investigation occurred until after I filed an EEOC charge.
>
> In August 2024, I filed an EEOC charge alleging hostile treatment and retaliation.
>
> After I reported conduct that I reasonably believed violated Title VII and filed an EEOC charge, the retaliation escalated:
>
> > a. I was told I had been "watched for years";
> > b. I was accused of misconduct without documentation;
> > c. Human Resources minimized the clap-in-the-face incident, calling it "nothing but a clap"; and
> > d. My work environment became increasingly hostile.
>
> On July 23, 2025, I was terminated and issued an Article IX violation for the first

time, despite:

> a. No prior counseling;
> b. No warnings;
> c. No progressive discipline; and
> d. No opportunity to exercise my Article X rights (response, mediation, and grievance).
>
> After my termination, I filed EEOC Charge No. 433-2026-01312 alleging retaliation. I received a Notice of Right to Sue on March 26, 2026.

*Id.* at 1–3. These allegations fail to address the pleading deficiencies noted in the court's prior order.

First, Plaintiff alleges that she was subjected to "hostile treatment" after she reported conduct that she "reasonably believed violated Title VII," *id.* at 3, but that allegation is conclusory, and Plaintiff again failed to include any factual allegations describing the alleged "hostile behavior, intimidation, and retaliatory treatment," *id.* at 2, of which she complained. As explained in the prior order,

> Plaintiff does not make any factual allegations describing the workplace misconduct or retaliation of which she purportedly complained, and the only specific incident of hostile behavior she describes is when a supervisor "clapped in [her] face." *Id.* "Title VII is not a general bad acts statute . . . and it does not prohibit private employers from retaliating against an employee based on her opposition to discriminatory practices that are outside the scope of Title VII." *Bonds v. Leavitt*, 629 F.3d 369, 384 (4th Cir. 2011) (citing *Crowley v. Prince George's County, Md.*, 890 F.2d 683, 687 (4th Cir. 1989)). Accordingly, the Plaintiff's lack of facts alleged regarding her complaints prevents the court from finding that she sufficiently alleged that she engaged in protected activity by reporting workplace misconduct, hostile behavior, and retaliation.

Order [DE-6] at 4–5. Plaintiff has added no new factual support to her prior allegations. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than conclusions. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

Second, Plaintiff's amended complaint lacks sufficient allegations to plead harassment as

an adverse action. Plaintiff filed her first EEOC charge in August 2024, alleging hostile treatment and retaliation, Am. Compl. [DE-7] at 2, but she did not file a Title VII claim after receiving her notice of right to sue on that charge. *See* Compl. [DE-1] at 8 ("I filed an EEOC charge in 2024 and received a Notice of Right to Sue, which expired 90 days after May 21, 2025."). Plaintiff alleges that after she filed the August 2024 charge, the "retaliation escalated" and she was told she had been "watched for years," accused of misconduct without documentation, human resources minimized the "clap-in-the-face incident," and her work environment became increasingly hostile. Am. Compl. [DE-7] at 2. An adverse action is one that "constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). The incidents Plaintiff alleged do not amount to adverse actions, and while creating a hostile work environment may constitute an adverse action, Plaintiff's non-conclusory allegations fail to demonstrate harassment that was "sufficiently severe or pervasive to alter the conditions of employment." *Shaw v. North Carolina*, No. 5:23-CV-624-FL, 2024 WL 1259452, at *6 (E.D.N.C. Mar. 25, 2024) (citations omitted).

Finally, Plaintiff's July 23, 2025 termination is indisputably an adverse action, but Plaintiff has not adequately pled, by either temporal proximity or non-conclusory facts, that there was a causal link between the filing of the August 2024 EEOC charge and her termination, which occurred nearly a year later. *See Barnhill v. Bondi*, 138 F.4th 123, 132 (4th Cir. 2025) ("While there is not a bright-line rule instructing when temporal proximity is sufficient to establish causation, without other evidence of causation, the gap between the protected activity and the adverse employment action can generally be no longer than two months.") (citing *Roberts v. Glenn*

*Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021)); *Best v. Butterball, LLC*, No. 4:22-CV-147-FL, 2025 WL 1551510, at *6 (E.D.N.C. May 30, 2025) ("A three month interval between a protected activity and an adverse action does not support the required causal connection.") (citing *Roberts*, 998 F.3d at 127). Accordingly, Plaintiff has failed to state a plausible Title VII retaliation claim, and the complaint should be dismissed without prejudice.

## III. Conclusion

For the reasons stated above. the application to proceed *in forma pauperis* is allowed, and it is recommended that the complaint be dismissed for failure to state a claim and the motion for appointment of counsel be denied as moot.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **July 22, 2026** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or**

**judgment of the presiding district judge based on the Memorandum and Recommendation.** ***See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

This the 8th day of July, 2026.

Robert B. Jones, Jr.
United States Magistrate Judge