IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:26-cv-00407-FL

| | | |
|---|---|---|
| STAR ANTOINETTE LYON,<br><br>Plaintiff,<br><br>v.<br><br>TOWN OF APEX,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ORDER |

This matter is before the court for review of plaintiff's amended complaint (DE 7) pursuant to 28 U.S.C. § 1915(e). Also pending is plaintiff's motion to appoint counsel (DE 3). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's complaint be dismissed without prejudice and motion to appoint counsel be denied as moot (DE 9). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff commenced this action with original complaint filed June 16, 2026, alleging retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., by her former employer Town of Apex ("Apex") and four Apex employees. Noting that Title VII does not provide for individual liability, and concluding that plaintiff failed to allege sufficient non-conclusory facts to state a claim against defendant Apex, the magistrate judge allowed plaintiff leave to amend her complaint.

Plaintiff timely filed amended complaint July 7, 2026,[1] wherein she asserts a single claim of retaliation under Title VII against defendant Apex and alleges the following facts:

> [Plaintiff] worked for the Town of Apex Finance Department. Before the events described below, [plaintiff] had no disciplinary history, counseling, or warnings.
>
> Beginning in March-April 2024, [plaintiff] reported to Human Resources, Finance Director Antwan Morrison, and Deputy Town Manager Shawn Purvis that:
>
> a. A supervisor clapped in [plaintiff's] face in a hostile and aggressive manner;
> b. [Plaintiff] was experiencing hostile behavior, intimidation, and retaliatory treatment; and
> c. [Plaintiff] believed this conduct violated Town policy and Title VII.
>
> Human Resources took no action. Mr. Purvis redirected [plaintiff] back to Mr. Morrison, who stated he had "no follow-up." No investigation occurred until after [plaintiff] filed an EEOC charge.
>
> In August 2024, [plaintiff] filed an EEOC charge alleging hostile treatment and retaliation.
>
> After [plaintiff] reported conduct that [plaintiff] reasonably believed violated Title VII and filed an EEOC charge, the retaliation escalated:
>
> a. [Plaintiff] was told [she] had been "watched for years";
> b. [Plaintiff] was accused of misconduct without documentation;
> c. Human Resources minimized the clap-in-the-face incident, calling it "nothing but a clap"; and
> d. [Plaintiff's] work environment became increasingly hostile.
>
> On July 23, 2025, [plaintiff] was terminated and issued an Article IX violation for the first time, despite:
>
> a. No prior counseling;
> b. No warnings;
> c. No progressive discipline; and
> d. No opportunity to exercise [her] Article X rights (response, mediation, and grievance).
>
> After [her] termination, [plaintiff] filed EEOC Charge No. 433-2026-01312 alleging retaliation. [Plaintiff] received a Notice of Right to Sue on March 26, 2026.

(Compl. ¶¶ 5-11).

---

[1] Hereinafter, all references to the complaint or "Compl." are to this operative pleading at docket entry 7.

## COURT'S DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).[2] "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020). "[A] plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

B. Analysis

"Title VII forbids (i) employment practices that discriminate against an employee on the

2 Internal citations and quotation marks are omitted from citations unless otherwise specified.

basis of race, color, religion, sex, or national origin, and (ii) retaliation against an employee for opposing adverse actions that she reasonably suspects to be unlawful under Title VII." Strothers v. City of Laurel, 895 F.3d 317, 326-27 (4th Cir. 2018); see 42 U.S.C. §§ 2000e-2(a) (discrimination), 2000e-3(a) (retaliation). To state a claim of retaliation, "the complaint must allege facts supporting a plausible inference that the employer took an adverse employment action against the plaintiff because of the plaintiff's protected activity." Barbour v. Garland, 105 F.4th 579, 590 (4th Cir. 2024).

The magistrate judge recommends plaintiff's complaint be dismissed without prejudice for failure to state a claim on which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) because the complaint lacks sufficient non-conclusory allegations of 1) protected activity; 2) adverse action; and 3) causation. Plaintiff timely filed objections to the M&R, arguing against each of the magistrate judge's reasons. The court addresses each element in turn.

1. Protected Activity

"Protected activity under Title VII includes complaints of discrimination based upon race, color, religion, sex or national origin," and such "[c]omplaints raised through internal company procedures are recognized as protected activity." Roberts v. Glenn Indus. Grp., Inc., 998 F.3d 111, 122 (4th Cir. 2021). Filing a charge with EEOC is also protected activity. Thompson v. N. Am. Stainless, LP, 562 U.S. 170, 173 (2011). "[C]omplaining employees are protected if, at the time of their complaint, they have an objectively reasonable belief in light of all the circumstances that a Title VII violation has happened or is in progress." Strothers, 895 F.3d at 327.

Although plaintiff alleges that she made reports to defendant Apex's human resources department and filed a charge with EEOC, there is no indication in the complaint that plaintiff's reports were "complaints of discrimination based upon race, color, religion, sex or national origin."

See Roberts, 998 F.3d 122. Reports that "[a] supervisor clapped in [plaintiff's] face in a hostile and aggressive manner," and that plaintiff "experience[ed] hostile behavior, intimidation, and retaliatory treatment," do not specify which protected characteristic plaintiff believed to be the basis of the alleged mistreatment. (Compl. ¶ 6). The same is true of allegations of "hostile treatment and retaliation" in plaintiff's August 2024 EEOC charge. (Id. ¶ 8). Thus, where the complaint lacks allegations setting out the basis or bases of plaintiff's reports, plaintiff fails to allege that she engaged in protected activity.

Additionally, for purposes of the instant analysis, the court accepts as true plaintiff's allegation that she believed the "hostile behavior, intimidation, and retaliatory treatment" she experienced violated Title VII. (See Compl. ¶ 6). However, the allegation that such belief was reasonable is conclusory where the complaint does not contain any description of the negative treatment other than the allegation that "[a] supervisor clapped in [plaintiff's] face in a hostile and aggressive manner." (Id.). Where this allegation is not connected to any characteristic protected under Title VII, a conclusion on the reasonableness of plaintiff's belief would be speculative. Thus, the complaint lacks sufficient allegations of protected activity. Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

2. Adverse Action

A retaliation claim may be premised upon a discrete retaliatory act, such as termination, or upon retaliatory harassment creating a hostile work environment. Von Gunten v. Maryland, 243 F.3d 858, 869 (4th Cir. 2001), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67 (2006). The magistrate judge determined plaintiff's complaint lacks sufficient allegations of harassment to premise her claim thereon.

The antiretaliation provision of Title VII "prohibit[s] employer actions that are likely to

deter victims of discrimination from complaining to the EEOC, the courts, and their employers." Burlington N., 548 U.S. at 68. Therefore, "retaliatory actions need not affect the terms and conditions of employment to come within Title VII's prohibition." Strothers, 895 F.3d at 327. Accordingly, the magistrate judge erred in concluding plaintiff's "allegations fail to demonstrate harassment that was sufficiently severe or pervasive to alter the conditions of employment," and the court declines to adopt that portion of the M&R. (See M&R at 7 (quotation omitted)).

However, the complaint does not contain sufficient facts to plausibly establish that the harassing conduct plaintiff alleges is likely to deter a reasonable employee from making a complaint. First, the allegation that plaintiff's "work environment became increasingly hostile" is conclusory. (See Compl. ¶ 9). Second, the specific incidents plaintiff describes, including being "accused of misconduct" and "Human Resources minimiz[ing] the clap-in-the-face incident" are not the sort of conduct Title VII meant to prevent. See E.E.O.C. v. Sunbelt Rentals, Inc., 521 F.3d 306, 315-16 (4th Cir. 2008) (noting that "offhand comments," "rude treatment by coworkers," and "routine difference[s] of opinion" are not actionable under Title VII).

Thus, to the extent plaintiff's retaliation claim is premised upon harassment, she fails to allege sufficient non-conclusory facts to establish an adverse action.

3. Causal Link

"Causation can be shown in two ways: by showing that the adverse act bears sufficient temporal proximity to the protected activity, or by showing the existence of facts that suggest that the adverse action occurred because of the protected activity, or a combination of the two." Laurent-Workman v. Wormuth, 54 F.4th 201, 218-19 (4th Cir. 2022) (holding a two-month temporal gap insufficient). Plaintiff's July 2025 termination does not bear sufficient temporal proximity to her August 2024 EEOC charge or her earlier internal complaints to establish a

plausible causal relationship. Nor does the complaint contain sufficient intervening facts to suggest that plaintiff's termination occurred because of her EEOC charge or her internal complaints.

Plaintiff relies on Lettieri v. Equant Inc., 478 F.3d 640 (4th Cir. 2007), for the proposition that a pattern of retaliatory acts committed over time may establish causation if temporal proximity is lacking. See id. at 650 ("[R]ecurring retaliatory animus during the intervening period can be sufficient to satisfy the element of causation."). However, the alleged retaliatory acts here do not plausibly establish a causal connection where there is no indication in the complaint of who told plaintiff she had been "watched for years," accused her of misconduct, or increased the hostility in her environment. (Compl. ¶ 9). Without any factual enhancement connecting these alleged incidents, plaintiff does not allege a pattern sufficient to plausibly "suggest that the adverse action occurred because of the protected activity." Laurent-Workman, 54 F.4th at 218.

In sum, plaintiff fails to allege sufficient non-conclusory facts to state a claim of retaliation under Title VII. Therefore, the court adopts the magistrate judge's recommendation to dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

C. Opportunity to Amend

Plaintiff's objections also rely on facts not pleaded in her complaint,[3] and "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013). The court does not rely on these facts for purposes of the instant order; however, the court will allow plaintiff an opportunity to file a second amended complaint in accordance with the following directions.

[3] For example, plaintiff describes the denial of a request for a neutral third-party mediator as well as the lack of disciplinary action against plaintiff's Puerto Rican coworker. (Pl's Obj. (DE 10) at 6, 11).

Plaintiff is directed to file a second amended complaint, if any, within 30 days of this order. If plaintiff seeks to continue the instant action in this court, her second amended complaint must set forth all relevant, specific factual allegations that "plausibly suggest an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009); see Fed. R. Civ. P. 8. The second amended complaint will be considered the complaint in its entirety, and the court will not review plaintiff's prior filings or other documents in the record to identify any misplaced claims or allegations. The court stays consideration of plaintiff's motion to appoint counsel, pending filing of second amended complaint. In the event plaintiff fails to file a second amended complaint within 30 days of this order as directed, the clerk is directed to close the case without further order.

**CONCLUSION**

Based on the foregoing, the court hereby ADOPTS the recommendation of the magistrate judge its own on the terms set forth above. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is ALLOWED a period of 30 days from the date of this order to file a second amended complaint, in accordance with the directions set forth herein. Consideration of plaintiff's motion to appoint counsel (DE 3) is STAYED, pending filing of second amended complaint, as directed herein. If no such filing is made within 30 days, the clerk is DIRECTED to close this case without further order of this court.

SO ORDERED, this the 7th day of August, 2026.

LOUISE W. FLANAGAN
United States District Judge